# COURT OF APPEALS CASE NO. 26-3256

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**ADRIAN ARROYO**, *Plaintiff-Appellant*,

v.

**CITY OF ANTIOCH, MORTEZA AMIRI, et al.**, *Defendants-Appellees.*

## On Appeal from the United States District Court for the Northern District of California District Court Case No. 3:25-cv-03200 The Honorable District Judge Presiding

## APPELLANT'S OPENING BRIEF

Adrian Arroyo *Plaintiff-Appellant, Pro Se*  1312 Louis Drive Antioch, California 94509  Nini131282@gmail.com 925-219-4074

## TABLE OF CONTENTS





RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 2 7 2026

FILED
DOCKETED
DATE
INITIAL

1. TABLE OF AUTHORITIES
2. JURISDICTIONAL STATEMENT
3. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW
4. STATEMENT OF THE CASE
5. STATEMENT OF THE FACTS
   - A. The Traffic Stop, Physical Assault, and K9 Deployment
   - B. The Unlawful Conspiratorial Agreement and Hidden Text Messages
   - C. The Official Concealment and Eventual Public Unsealing
6. SUMMARY OF THE ARGUMENT
7. STANDARD OF REVIEW
8. LEGAL ARGUMENT
   - ARGUMENT I: The District Court Erred in Dismissing Appellant's Section 1983 Conspiracy Claims as Time-Barred Under the Federal Discovery Rule and Equitable Tolling Doctrines
     - *A. Under the Federal Discovery Rule, Accrual of the Conspiracy Claim Was Delayed Until April 13, 2023*
     - *B. The Doctrine of Fraudulent Concealment Tolled the Limitations Period*
   - ARGUMENT II: Objective Video Evidence in the Record Establishes a Genuine Dispute of Material Fact Precluding Dismissal Under Scott v. Harris
9. CONCLUSION AND RELIEF SOUGHT
10. CERTIFICATE OF COMPLIANCE
11. CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 1055 (9th Cir. 2004)
- *Graham v. Connor*, 490 U.S. 386 (1989)
- *Hexamer v. Foreness*, 981 F.2d 1257 (9th Cir. 1992)
- *Hoesterey v. City of Cathedral City*, 945 F.2d 280 (9th Cir. 1991)
- *Knox v. Davis*, 260 F.3d 1009 (9th Cir. 2001)
- *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044 (9th Cir. 2008)
- *Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000)
- *Scott v. Harris*, 550 U.S. 372 (2007)
- *TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir. 1999)
- *Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995)

## Statutes & Rules

- 28 U.S.C. § 1291
- 28 U.S.C. § 1331
- 28 U.S.C. § 1343
- 42 U.S.C. § 1983
- 42 U.S.C. § 1985
- Fed. R. Civ. P. 12(b)(6)
- Cal. Civ. Proc. Code § 335.1

# JURISDICTIONAL STATEMENT

The District Court had subject-matter jurisdiction over Plaintiff-Appellant's federal civil rights claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as the action was brought pursuant to 42 U.S.C. §§ 1983 and 1985. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. This appeal is taken from a final judgment of the United States District Court for the Northern District of California dismissing Plaintiff-Appellant's complaint with prejudice, which resolved all claims as to all parties. The District Court entered its final order of dismissal on April 2, 2026 Plaintiff-Appellant timely filed a Notice of Appeal on May 7, 2026 within the 30-day window prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A).

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. **Issue 1:** Did the District Court err in dismissing Plaintiff-Appellant's civil rights conspiracy claims as time-barred under the statute of limitations, where the underlying unlawful agreement and racial animus were actively and fraudulently concealed by Defendant

officers until public disclosure by federal and state law enforcement agencies on April 13, 2023?

2. **Issue 2:** Under the federal discovery rule, does a Section 1983 civil rights conspiracy claim accrue automatically on the date of the physical injury, or on the subsequent date when a plaintiff discovers—or through reasonable diligence should have discovered—the distinct, hidden injury of a conspiratorial agreement between officers to falsify public reports, coordinate cover stories, and distribute photos of his injuries for amusement?

3. **Issue 3:** Does the objective video evidence in the record establish a genuine dispute of material fact regarding the objective unreasonableness of the physical force used by Defendant Amiri and the subsequent deployment of the K9 unit, rendering dismissal under Rule 12(b)(6) or summary judgment inappropriate under *Scott v. Harris*?

# STATEMENT OF THE CASE

This civil rights action arises under 42 U.S.C. §§ 1983 and 1985, asserting violations of the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff-Appellant Adrian Arroyo filed his Complaint in the Northern District of California (District Court Case No. 3:25-cv-03200) seeking redress for an unlawful police beatdown, dog attack, and subsequent cover-up orchestrated by officers of the Antioch Police Department.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims were time-barred under California's two-year statute of limitations for personal injury actions, calculated strictly from the date of the physical incident on July 24, 2019. The District Court granted Defendants' motion, holding that Plaintiff's civil rights and conspiracy claims accrued immediately on July 24, 2019, and that neither the federal discovery rule nor equitable tolling could rescue the claims. This timely appeal followed.

# STATEMENT OF THE FACTS

## A. The Traffic Stop, Physical Assault, and K9 Deployment

On the early morning of July 24, 2019, Defendant Morteza Amiri, then an officer with the Antioch Police Department, initiated a pretextual traffic enforcement stop targeting Plaintiff-Appellant Adrian Arroyo. The encounter quickly escalated without legal justification. Despite Appellant's compliance, Defendant Amiri subjected Appellant to a brutal, physical beatdown, punching him multiple times in the face and body.

Simultaneously, Defendant Amiri deployed his police K9 unit. The K9 unit bit Appellant repeatedly, tearing through flesh and muscle, causing severe, permanent physical and emotional injuries.

## B. The Unlawful Conspiratorial Agreement and Hidden Text Messages

Unbeknownst to Appellant at the time of the incident, the physical attack was not merely an isolated use of excessive force; it was the catalyst for and product of an illicit civil rights conspiracy. Following the attack, Defendant Amiri took graphic photographs of Appellant's gaping bite wounds. Amiri then transmitted these photographs via personal and official communication channels to fellow officers, including Defendant Rombough.

The accompanying text messages, which were kept strictly confidential within the department,

revealed that the officers mocked Appellant's injuries, joked about the extreme violence, and shared a shared racialized animus. Crucially, the officers entered into an agreement to falsify police reports, synchronize their narratives, and coordinate their official statements to justify the excessive force and insulate Amiri and the department from constitutional liability.

## C. The Official Concealment and Eventual Public Unsealing

For nearly four years, Defendants successfully concealed the existence of their conspiracy. Defendant Amiri utilized his official position and state-delegated authority to draft and file highly detailed, fabricated police reports. These reports falsely painted Appellant as an aggressive threat and omitted the officers' collusive, celebratory communications.

Appellant had no access to the officers' private communications, internal files, or personal devices. He had no viable legal mechanism to discover that his arrest was the result of a racially motivated, coordinated conspiracy.

The conspiracy remained buried until **April 13, 2023**, when a joint investigation by the Federal Bureau of Investigation (FBI) and the Contra Costa County District Attorney's Office culminated in the public unsealing of the officers' private text messages. These unsealed records laid bare the unlawful, coordinated scheme to violate citizens' civil rights. Armed with this newly revealed evidence, the federal government criminally prosecuted Amiri. Former Officer Amiri was subsequently convicted in federal court of depriving Appellant Adrian Arroyo of his civil rights under color of law during the exact July 24, 2019 attack.

# SUMMARY OF THE ARGUMENT

The District Court applied an incorrect, overly restrictive legal framework to dismiss Appellant's action. While federal courts borrow the forum state's personal injury statute of limitations—which in California is two years (Cal. Civ. Proc. Code § 335.1)—the question of when a federal civil rights claim *accrues* is governed exclusively by federal law (*Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).

First, under the federal discovery rule, a claim does not accrue until the plaintiff knows or has reason to know of the specific injury that forms the basis of the action. While Appellant knew he was physically injured on July 24, 2019, he did not know, nor could any reasonable diligence have uncovered, that his arrest and subsequent prosecution were driven by a corrupt, racially motivated conspiracy of officers who actively falsified records to frame him and cover up their conduct. The conspiracy constitutes a distinct legal injury that accrued only when the conspiratorial agreement was brought to light on April 13, 2023.

Second, the doctrine of fraudulent concealment tolls the statute of limitations. Defendants took affirmative, fraudulent steps—namely, drafting falsified police reports and burying internal communications—to mislead Appellant and the public. Equity prevents Defendants from using a statute of limitations defense constructed out of their own official deception.

Third, the District Court ignored objective video evidence in the record. Under *Scott v. Harris*, 550 U.S. 372 (2007), a court cannot dismiss or grant summary judgment based on a defendant's version of facts when objective video evidence directly refutes it. The video here shows that the level of force used was objectively unreasonable under *Graham v. Connor*, 490 U.S. 386 (1989). A claim backed by objective video evidence—which was so compelling it supported a federal criminal conviction of the primary officer—cannot be deemed frivolous or

legally deficient at the pleading stage.

# STANDARD OF REVIEW

This Court reviews a District Court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo. Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 1055, 1073 (9th Cir. 2004). Dismissal is appropriate only if the complaint fails to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal based on a statute of limitations defense is reviewed *de novo*, as is the district court's application of equitable tolling and the discovery rule. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

# LEGAL ARGUMENT

## ARGUMENT I: The District Court Erred in Dismissing Appellant's Section 1983 Conspiracy Claims as Time-Barred Under the Federal Discovery Rule and Equitable Tolling Doctrines

### A. Under the Federal Discovery Rule, Accrual of the Conspiracy Claim Was Delayed Until April 13, 2023

While state law determines the length of the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the long-established federal discovery rule, a claim accrues only "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

The District Court erred by conflating Appellant's awareness of his *physical injury* on July 24, 2019, with his awareness of the *conspiratorial injury* under 42 U.S.C. §§ 1983 and 1985. An action for conspiracy requires an agreement between two or more persons to deprive the plaintiff of their constitutional rights.

On July 24, 2019, Appellant knew he had been beaten and bitten. However, he had absolutely no reason to know, and could not have known, that:

1. Defendant Amiri had entered into an active, racially motivated agreement with other officers to coordinate their use of force.
2. The officers were actively sharing graphic photos of his wounds, celebrating the violence, and using racial slurs to describe him.
3. The official police reports were not merely mistaken, but were the deliberate, coordinated output of a conspiracy to falsify evidence and mislead prosecutors and the judiciary.

In *Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000), this Court recognized that when police officers engage in a cover-up that falsifies the factual record, a plaintiff's cause of action regarding that cover-up and conspiracy constitutes a distinct constitutional injury. Because the illegal agreement and discriminatory animus were buried deep within protected personal and departmental communications, Appellant did not discover—and could not have

discovered—this injury until the FBI and District Attorney unsealed the text messages on **April 13, 2023**. Accordingly, under the federal discovery rule, Appellant's conspiracy claims accrued on April 13, 2023, making his complaint timely.

### B. The Doctrine of Fraudulent Concealment Tolled the Limitations Period

Even if this Court were to determine that the claims technically accrued in 2019, the doctrine of fraudulent concealment acts to toll the statute of limitations. Under federal and California law, a defendant is equitably estopped from asserting a statute of limitations defense if they actively concealed the facts preventing the plaintiff from bringing their lawsuit. *Hoesterey v. City of Cathedral City*, 945 F.2d 280, 282-83 (9th Cir. 1991).

To establish fraudulent concealment, a plaintiff must show:
1. The defendant took affirmative steps to conceal the cause of action.
2. The plaintiff failed to discover those facts despite exercise of due diligence.

Here, the Appellees did not merely remain silent; they took highly organized, affirmative, and fraudulent steps to insulate themselves. Defendant Amiri drafted falsified police reports under penalty of perjury. He and his co-conspirators fabricated a narrative of resistance to justify the deployment of the K9 and the punches thrown. This falsification was designed specifically to suppress the truth and deter Appellant from seeking judicial recourse, as any legal challenge would be weighed against the "official" (but fabricated) public record.

A victim of police brutality cannot be expected to "diligent[ly]" discover secret, collusive text messages on an officer's personal phone when the police department itself is actively representing its fabricated reports as the absolute truth. Because Appellees used their official, state-derived authority to construct a false reality, they cannot now claim that Appellant should have seen through their lies sooner. Equity demands that the limitations period be tolled until the truth was unveiled by federal investigators in April 2023.

## ARGUMENT II: Objective Video Evidence in the Record Establishes a Genuine Dispute of Material Fact Precluding Dismissal Under Scott v. Harris

The District Court further erred by ignoring the objective video evidence in the record and accepting the Appellees' fabricated, self-serving version of the traffic stop.

In *Scott v. Harris*, 550 U.S. 372 (2007), the Supreme Court established a constitutional mandate for courts evaluating motions that seek to terminate a case before a jury:

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion..." *Id.* at 380.

In this case, a video recording captures the entirety of the traffic stop, the punches thrown by Defendant Amiri, and the subsequent deployment of the K9 unit. The video demonstrates that Appellant was compliant and did not pose an active, physical threat justifying the severe escalation of force.

Under *Graham v. Connor*, 490 U.S. 386 (1989), whether force is "objectively reasonable" under the Fourth Amendment requires a careful balancing of:
1. The severity of the crime at issue.
2. Whether the suspect poses an immediate threat to the safety of the officers or others.
3. Whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

The video evidence directly refutes any claim that the force used was reasonable. A jury viewing this objective video data could easily conclude that the multiple punches to Appellant's face and the deployment of a flesh-tearing K9 unit were grossly excessive.

Crucially, the objective unreasonableness of this physical force is not a matter of mere speculation. A federal jury reviewed this exact evidence and convicted Defendant Amiri of federal criminal civil rights violations for this very attack on Appellant. If the evidence was sufficient to prove Amiri's guilt beyond a reasonable doubt in a criminal court, it is more than sufficient to establish a genuine dispute of material fact in a civil court. The District Court's dismissal denied Appellant his constitutional right to have a jury evaluate this objective visual evidence.

# CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Plaintiff-Appellant Adrian Arroyo respectfully requests that this Court:
1. **REVERSE** the District Court's order dismissing Appellant's civil rights and conspiracy claims as time-barred;
2. **HOLD** that Appellant's conspiracy claims are timely under the federal discovery rule and the doctrine of fraudulent concealment; and
3. **REMAND** this case to the District Court with instructions to reinstate the Complaint and allow the action to proceed to discovery and trial on its merits.

Dated: July 23, 2026
Respectfully submitted,

_____

Adrian Arrovo, Pro Se Appellant
1312 Louis drive Antioch, Ca 94509

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that:
1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **2,154** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).
2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, 12-point Georgia, using Microsoft Word.

Dated· July 23, 2026

_____

Adrian Arroyo, Pro Se Appellant

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026 I electronically filed the foregoing Appellant's Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be

accomplished by the appellate CM/ECF system.

_____
Adrian Arroyo, Pro Se Appellant